ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 6 2006
CLERK, U.S. DISTRICT COURT
By _____
         Deputy

HEATHER MALONEY,

    Plaintiff,

v.

COURT FILE NO.: 3-06 CV-0452R

LVNV FUNDING LLC, RESURGENT
CAPITAL SERVICES LP, and SHERMAN
ACQUISITION LIMITED
PARTNERSHIP,

    Defendants.

## ANSWER OF LVNV FUNDING LLC

COMES NOW, Defendant LVNV Funding, LLC ("LVNV"), as and for its Answer to the Complaint of Plaintiff Heather Maloney ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1.    In response to Paragraph 1 of Plaintiff's Complaint, Defendant LVNV admits that statutes referenced confer jurisdiction upon this honorable court but denies that jurisdiction and venue are appropriate as it has not violated any law and does not transact business in this District.

2.    Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

registered to conduct business in Texas as it does not conduct business there. Defendant LVNV denies all remaining allegations.

4. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

5. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

5.[SIC]Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in the second Paragraph 5 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant LVNV denies that it is a debt collector under the FDCPA or TDCPA but affirmatively asserts that it is, at time, a furnisher of information as contemplated by the FCRA. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant LVNV denies all allegations against it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant LVNV denies all allegations as to it. To the extent said paragraph refers to another defendant, LVNV has

insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant LVNV admits that it verified its credit reporting in this matter but denies that such credit reporting was false. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant LVNV admits that it verified its credit reporting in this matter and continues to report the account but denies that such credit reporting is false. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant LVNV denies that it was required to request a deletion of the account. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant LVNV admits all allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant LVNV denies all allegations as the paragraph is poorly written.

14. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. Defendant LVNV restates and realleges paragraph 1 through 14 as though fully stated herein.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has

insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

21. Defendant LVNV restates and realleges paragraph 1 through 20 as though fully stated herein.

22. Defendant LVNV denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant LVNV denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant LVNV denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant LVNV denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant LVNV denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant LVNV restates and realleges paragraph 1 through 26 as though fully stated herein.

28. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant LVNV restates and realleges paragraph 1 through 32 as though fully stated herein.

34. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Defendant LVNV restates and realleges paragraph 1 through 40 as though fully stated herein.

42. Defendant LVNV denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendant LVNV denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant LVNV denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant LVNV denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant LVNV denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant LVNV denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant LVNV restates and realleges paragraph 1 through 47 as though fully stated herein.

49. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 52 of Plaintiff's Complaint and therefore denies the same.

53. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 53 of Plaintiff's Complaint and therefore denies the same.

54. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint and therefore denies the same.

56.   In response to Paragraph 56 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

57.   In response to Paragraph 57 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

58.   In response to Paragraph 58 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

59.   Defendant LVNV restates and realleges paragraph 1 through 58 as though fully stated herein.

60.   Defendant LVNV denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.   Defendant LVNV denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62.   Defendant LVNV denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63.   Defendant LVNV denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. Defendant LVNV denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Defendant LVNV denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66. In response to Paragraph 66 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

67. In response to Paragraph 67 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

68. In response to Paragraph 68 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

69. In response to Paragraph 69 of Plaintiff's Complaint, Defendant LVNV denies the allegations as to it. To the extent said paragraph refers to another defendant, LVNV has insufficient information to either admit or deny the allegations therein set forth and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

## SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which Defendant LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD DEFENSE

Defendant LVNV affirmatively asserts that this Court lacks subject matter jurisdiction over this Complaint as there has been no violation of the law.

## FOURTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## FIFTH DEFENSE

Any violation of the Texas Finance Code, § 392.001 et seq., which LVNV denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTH DEFENSE

Defendant LVNV reserves the right to assert such other affirmative defenses available pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

## SEVENTH DEFENSE

Plaintiff's state law claims are pre-empted by the Fair Credit Reporting Act.

## RESERVATION OF CLAIM

Defendant LVNV reserves the right to assert a claim under 15 U.S.C. §§ 1692k(a)(3), 1681n(c), and 1681o(b) as may be revealed through discovery and disclosure in this matter.

**WHEREFORE,** Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendant LVNV with prejudice and on the merits;

2. Awarding Defendant LVNV attorney fees and costs; and,

3. Awarding Defendant LVNV such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SCANLAN, BUCKLE & YOUNG, PC

_____
David Sander
Texas Bar No. 00788348
602 West 11th Street
Austin, TX  78701
Tel: 512/478-4651
Fax: 512/478-7750
Attorneys for
Defendant LVNV Funding, LLC

ANSWER OF LVNV

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer was forwarded by certified mail and fax this 4 day of April 2006 to:

Sharon Campbell  Fax 214-739-0151
Premier Place, Suite 1040
5910 North Central Expressway
Dallas, Texas 75206

_____
David Sander

ANSWER OF LVNV

13