**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**FILED**
October 20, 2006

**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| HEATHER MALONEY | § |
| | § |
| | § |
| VS. | § |
| | § |
| | § |
| LVNV Funding LLC, RESURGENT | § |
| CAPITAL SERVICES, LP, SHERMAN | § |
| ACQUISITION LIMITED | § |
| PARTNERSHIP | § |

CIVIL ACTION NO.
3:06-CV-0452-R

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Joint Motion for Summary Judgment (filed August 23, 2006) (Dkt. No. 21). After careful consideration of all parties' submissions, and the law applicable to the issues before the Court, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

Plaintiff Heather Maloney (Maloney) sued LVNV Funding, LLC (LVNV), Resurgent Capital Services, LP (Resurgent), and Sherman Acquisition Limited Partnership (Sherman) (collectively, Defendants) alleging violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA), the Fair Debt Collection Act, 15 U.S.C. § 1692 (FDCPA), and the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.01 (TDCPA), in addition to alleging a common law claim of defamation. LVNV and Sherman are debt purchasers and Resurgent serviced the account as a third-party debt collector.

Maloney defaulted on a credit card account financed by Providian National Bank. The account was charged off on March 1, 2000. Sherman purchased the debt on or about October 30, 2002. Subsequently, on or about September 28, 2005, Sherman assigned the debt to LVNV. Both LVNV and Sherman retained Resurgent to collect the debt. Resurgent sent its first collection notice to Maloney on or about February 18, 2005.

From September 2005 to January 2006, Maloney sent numerous letters to credit reporting agencies and Defendants alleging various inaccuracies in regard to the reporting of the defaulted account. Specifically, Maloney claimed that because the account was charged off, it should not be reported as "open" and "120 days past due." Disputes received by Resurgent included allegations that the account was already being reported by the original creditor, the account should be listed as closed, and the account information was inaccurate. Resurgent claims it investigated all disputes on behalf of LVNV and Sherman, verified that the account information was accurate, and reported the account as "disputed." Resurgent claims it correctly reported the debt because, pursuant to industry standards and the Credit Reporting Resource Guide, all accounts reported on behalf of debt purchasers are listed as "open." Neither Sherman nor LVNV directly responded to any of the letters or communicated directly with Maloney. On or about March 24, 2006, Resurgent requested the trade line be deleted by all credit reporting agencies.

On March 14, 2006, Maloney filed suit against Defendants for defamation and violations of the FCRA, FDCPA, and TDCPA. Specifically, Maloney claims (1) Defendants' continued wrongful reporting of the defaulted account constituted defamation and caused damage to Plaintiff's credit score (2) Defendants wrongfully reported the account as "open" and "120 days past due" when the account had been in default for years, (3) Defendants did not conduct a reasonable investigation of

Plaintiff's disputes and (4) Defendants' debt notice letter did not contain proper notices and disclosures.

On August 23, 2006, Defendants filed a Joint Motion for Summary Judgment on all of Maloney's claims.


## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . ." FED. R. CIV. P. 56(c)).  An issue is material if it involves a fact that might affect the outcome of a suit under governing law.  *See Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party.  *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994).  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case.  *Id.*

at 325.  Once the moving party has satisfied this burden, the non-moving party may not rest upon

mere allegations or denials in the pleadings but must present affirmative evidence, setting forth

specific facts, to show the existence of a genuine issue for trial.  *Celotex*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The court must inquire as to whether there is sufficient evidence upon which reasonable

jurors could properly find by a preponderance of the evidence that Plaintiff is entitled to a verdict.

*Anderson*, 477 U.S. at 249-50.  In other words, summary judgment will be granted "against any

party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at

322.  A "sufficient showing" consists of more than a scintilla of evidence in support of the moving

party's position.  *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860

(5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of

an essential element).

**B. Common law Defamation claims**

Maloney asserts a defamation claim alleging Defendants wrongfully reported the defaulted

account as "open" and "120 days past due" which damaged her credit rating. Defendants argue that

Maloney's defamation claims fail because (1) there was no malice proven and (2) the claims are

barred by the statute of limitations.

A defendant is immune from claims of credit defamation unless it reported false information

with malice and a wilful intent to injure. *See* 15 U.S.C. §1681h(e). To establish defamation with

malice, the plaintiff must prove the defendant published false information either (1) knowingly, or

(2) in reckless disregard as to whether the information was true or not. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir. 2001).

Maloney's defamation claims fail because she has produced no evidence of malice. Maloney argues that Defendants' continued reporting of the accounts as open and late, despite Maloney's dispute notifications, necessarily constitutes malice. To support this claim, Maloney produces an expert opinion of Evan Hendricks purporting that reporting charged off accounts as open and late is inaccurate and in violation of industry standards. (*See Appendix p. 74*). However, the Hendricks opinion is not a factor in determining if Defendants acted with malice. Even if the reporting was inaccurate, Maloney has presented no evidence that the Defendant either (1) knowingly reported inaccurate information or (2) reported information with reckless disregard of its accuracy. To the contrary, Resurgent investigated Maloney's claims, determined the accounts were accurate, and reported the accounts as "disputed" by the customer. Maloney has not produced any evidence of malice; therefore, the defamation claims are dismissed. Summary judgment on these claims is GRANTED.

This court will not reach the issue of whether the claims are barred by the statute of limitations.


**C. Fair Credit Reporting Act violation claims against LVNV and Sherman**

      1. *Failure to conduct a reasonable investigation --§1681s-2(b)*

Maloney argues that LVNV and Sherman violated §1681s-2(b) by failing to conduct a reasonable investigation and continuing to report inaccurate credit information. Namely, continuing to report the account as "open" when it had in fact been charged off. To argue the issue of the

reasonableness of the investigation, both parties offer expert opinions reaching opposite conclusions concerning the proper standard for reporting charged off accounts. Whether a defendant's investigation is reasonable is a factual question normally reserved for trial. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001). A fact issue remains as to the reasonableness of the investigation and as to the correct method of reporting charged off accounts. Therefore, summary judgment on Maloney's claims under §1681s-2(b) is DENIED.

### 2. *Willful and Negligent noncompliance– §§1681n, 1681o*

Maloney claims LVNV and Sherman willfully and negligently violated the FCRA by continuing to report the account inaccurately. *See* U.S.C. §1681n and §1681o. Summary judgment is "seldom appropriate" on whether a party possessed a particular state of mind. *See Magill v. Gulf & Western Industries*, 736 F. 2d 976, 979 (4th Cir. 1987). Accordingly, summary judgment is DENIED on Maloney's claims under §1681n and §1681o.

### 3. *Unlawfully publishing an account beyond the time permitted by law– §1681c(4)*

Maloney's claims under §1681c(4) that LVNV and Sherman unlawfully published an account beyond the time permitted by law are invalid under the FCRA. *See* 15 U.S.C. §1681c(4). Section 1681c of the FCRA only governs the activities of consumer reporting agencies. *Vrlaku v. Citibank*, No. 05-1720, 2005 WL 2338852, at *4 (D.N.J., Sept. 23, 2005). LVNV and Sherman are not credit reporting agencies. *See* 15 U.S.C. §1681a(f). The FCRA does not apply to business entities who allegedly wrongfully report credit delinquencies based upon their experiences with the consumers. *See Mason v. Chase Manhattan Bank USA, N.A.*, 194 F.3d 1313, No. 98-4144, 1999 WL

970280, at *2 (6th Cir. 1999); *see also Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1998) (per curiam) *cert. denied*, 488 U.S. 821 (1988). Further, Maloney has not contested this issue. Therefore, claims against LVNV and Sherman under §1681c(4) are dismissed, and summary judgment on these claims is GRANTED.

**D. Fair Debt Collection Practices Act violations claims against Resurgent**

*Failure to give proper notices and failure to give required disclosure– § 1692g(a)(1)-(5) and §1692e(11)*

Plaintiff's claims that Resurgent failed to give proper notices and disclosures of the defaulted account as required by the FDCPA are dismissed. The letter sent by Resurgent on February 18, 2005 contained all proper notices & disclosures on the reverse side of the letter. The front of the letter clearly references the legal rights printed on the reverse in large, bold text stating, "NOTICE: Important information on reverse side regarding your legal rights and rate, fee and other cost information." (*See Appx. p. 6-7*).

Maloney offers insufficient evidence that Resurgent's letter did not include proper validation notices required by the FDCPA. Maloney simply argues that no reasonable person could read Resurgent's notice as an attempt to collect a debt. To support this claim, Maloney cites several cases that can easily be factually distinguished from the present case. In *Riviera v. MAB Collections*, although the proper notices were included on the reverse of the communication, there was no language referencing this notice on the front of the letter. 682 F. Supp. 174, 177 (W.D.N.Y. 1988). Here, the letter from Resurgent clearly stated "See Reverse Side" on the front of the notice. Maloney also cites *Miller v. Payco-General American Credits, Inc.* in which the letter at issue

included all required validation notices. 943 F.2d 482, 484 (4th Cir. 1991). However, the letter also demanded that the consumer telephone the creditor to dispute the debt in violation of the consumer's FDCPA rights. *Id.* This case is wholly inapplicable to the issues in the present case.

Plaintiff has produced insufficient evidence that Resurgent violated neither §1692g nor §1692e(11) of the FDCPA, and the claims are dismissed. Summary judgment on these claims is GRANTED.

**E. Fair Debt Collection Practices Act violation claims against LVNV and Sherman**

*Failure to give proper notice, reporting false information, and failure to give required disclosures–* §§*1692g*, 1692e(8) and §1692e(11)

LVNV and Sherman argue that they are not liable for any violations under the FDCPA because, (1) they are creditors, not debt collectors (2) they never communicated directly with Maloney, therefore they are not liable for failure to give proper notices and disclosures under §1692e(11) and §1692g and (3) they are not vicariously liable for the acts of Resurgent and any failure to give notices and disclosures it may have made. Maloney argues that LVNV and Sherman are debt collectors, and although they did not communicate directly with Plaintiff, they violated §1692e(8) of the FDCPA by reporting inaccurate credit information.

LVNV and Sherman argue that they are not they are not subject to the FDCPA because they are creditors not debt collectors. Defendants support this argument stating they are not debt collectors because they collect debts for themselves rather than on behalf of another. However, even though they collect debts for themselves, they are still debt collectors within the meaning of §1692a(4) and §1692a(6) of the Act, because the debts were already in default when they were

-8-

assigned to the companies. 15 U.S.C.A. §1692a(6)*; See Perry v. Stewart Title Co.,* 756 F.2d. 1197, 1208 (5th Cir. 1985); *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1486 (M.D. Ala. 1987). LVNV and FDCPA clearly fall into the assignee exception to the definition of the creditor. *See* 15 U.S.C. §1692a(4).   Therefore, they are debt collectors and are subject to the requirements of the FDCPA.

However, Defendants correctly argue that debt collectors and creditors are not vicariously liable under the FDCPA for the acts of a third-party independent debt collector. Defendants rely on *Scally v. Hilco Receivables, LLC*, asserting that they are not liable for the acts of Resurgent. 392 F. Supp. 2d 1036 (N.D. Ill. 2005). That case held, that in light of very specific facts showing the independent relationship between the debt purchaser and the debt collector, the debt purchaser could not be held vicariously liable for the independent contractor's acts. *Id*. at 1041.

However, the Court declines at this time to decide if Resurgent was in fact an independent debt collector because Plaintiff's claims for failure to give proper notice and disclosure fail for other reasons. LVNV and Sherman argue that  since they did not communicate directly with Maloney, they are not  required to give proper notice pursuant to §1692g or §1692e(11). Requirements under both of these sections are triggered after a debt collector's initial communication with a debtor. *See* 15 U.S.C. §1692g and §1692e(11). Maloney admits that neither LVNV nor Sherman ever directly communicated with her (*See Appx. pp. 22, 27*). Therefore, Plaintiff's claims under 1692(g) and 1692e(11) against LVNV and Sherman are dismissed, and summary judgment is GRANTED on these claims.

However, even in the absence of direct communication with Maloney, Defendants can be held liable under the FDCPA for  reporting inaccurate credit information which was known or

should have been known to be false. *See* U.S.C. §1692e(8). As stated previously, summary judgment is "seldom appropriate" on whether a party possessed a particular state of mind. *See Magill*, 736 F.2d at 979. Therefore, summary judgment is DENIED on the claims against LVNV and Sherman under §1692e(8).

## F. Texas Debt Collection Practices Act violations

Defendants argue that Plaintiff's claims under the TDCPA are preempted by the preemption clause of the FCRA, §1681t(b)(1)(F). *See* 15 U.S.C. § 1681t(b)(1)(F). However, there is no indication that the clause was meant to completely preempt all state law claims. *Carlson v. Trans Union*, LLC, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003).  Further, the preemption clause only applies to any subject matter regulated under §1681-2. *Id.* Defendants' summary judgment motion regarding Plaintiff's claim under the TDCPA is DENIED.

## III.  CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's following claims: (1) Defamation (2) Fair Credit Reporting Act violations under §1681c(4) and (3) Fair Debt Collection Practice Act  violations under §1692g and §1692e(11). The Court DENIES Defendants' Motion for Summary Judgment on Plaintiff's following claims: (1) Fair Credit Reporting Act violations under §1681s-2(b), § 1681n, and §1681o (2) Fair Debt Collection Practice Act violations under §1692e(8) and (3) Texas Debt Collection Practices Act violations.

**It is so ORDERED.**

**ENTERED: October20, 2006.**

_____

**JERRY BUCHMEYER,**

**SENIOR U.S. DISTRICT JUDGE**

**NORTHERN DISTRICT OF TEXAS**